ORIGINAL

JOHN HARRIS PAER, ESQ.   #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 0 1 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EUGENE K. OKUBO and CYNTHIA S. OKUBO,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CITIFINANCIAL MORTGAGE COMPANY, INC. and CITIMORTGAGE, INC.<br><br>　　　　Defendant. | CIVIL NO.  CV06 00591  SOM BMK<br><br>PLAINTIFFS'  COMPLAINT; EXHIBITS "A and B";  SUMMONS |

PLAINTIFFS' COMPLAINT

COME NOW Plaintiffs, by and through their undersigned attorney and allege as follows:

INTRODUCTION

1.  This Complaint is filed and these proceedings are instituted under the "Real Estate Settlement Procedures Act" ("RESPA") 12 U.S.C. Section 2601, et seq., for injunctive relief, to recover actual and statutory damages, reasonable attorney's fees

and costs of suit by reason of the Defendants' violations of that Act and the Regulations adopted pursuant thereto published at 24 C.F.R. § 3500. Plaintiff seeks actual and statutory damages arising out of Defendants' misrepresentations and failure to make required disclosures.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 12 U.S.C. §2614, and 28 U.S.C.A. Sections 1331 and 1337. The supplemental jurisdiction of this Court is invoked over Counts II, III and IV of the Complaint, which arise under Chapter 480 of the Hawaii Revised Statutes and under other state laws. Jurisdiction of the state claims is proper because the factual matters underlying the federal and state claims are closely related, making disposition of both claims proper and necessary.

## PARTIES

3. Plaintiffs are natural persons and are residents of the State of Hawaii.

4. At all relevant times, Defendants CITIFINANCIAL MORTGAGE COMPANY, INC. and CITIMORTGAGE, INC. (hereinafter "Citi") are corporations doing business in Hawaii as Citifinancial Mortgage Company and are subject to the jurisdiction of this Court.

## FACTS

5. On or about February 3, 2005, Plaintiffs entered into a loan transaction with Beneficial Hawaii, Inc.

6. At all times relevant herein, Citi was the servicer

of the loan transaction described herein.

7. The above debt was incurred primarily for personal, family, or household purposes.

8. The above indebtedness was secured by a mortgage on Plaintiffs' principal residence.

9. On or about September 20, 2005, Citi notified Plaintiffs that their mortgage loan was being transferred to, and serviced by Citi. A true copy of that notice is attached hereto as Exhibit "A".

10. On June 1, 2006, Plaintiffs, through their attorney, sent Citi a "qualified written request" under the Real Estate Settlement Procedures Act. A true copy of that letter is attached hereto as Exhibit "B".

11. No one ever responded to Exhibit "B".

12. Even now, Citi continues to claim that improper amounts are due from Plaintiffs and fails to properly credit Plaintiffs with amounts paid to principal.

13. As a result, Plaintiffs have paid more than was due on their loan, and have been damaged thereby, and Plaintiffs have suffered additional damages as well.

## COUNT I - RESPA

14. Plaintiffs reallege and incorporate the allegations of paragraphs 1 through 13 of this Complaint.

15. Citi violated provisions of RESPA, 12 U.S.C. §2601, et seq., including but not limited to, 12 U.S.C. §2605.

16. Citi failed to make timely disclosures as required by law and failed to respond to Plaintiffs' requests for information under RESPA.

17. Citi imposed and/or aided in the imposition of excessive and prohibited charges upon Plaintiffs.

18. Plaintiffs have been damaged thereby in an amount to be proved at trial.

### COUNT II - HRS §480

19. Plaintiffs reallege and incorporate paragraphs 1 through 18 of this Complaint.

20. The charges and disclosure of those charges and failure to account for those charges as above-described were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiffs as consumers, and were unfair and deceptive, in violation of H.R.S. Chapter 480.

21. The representations made by Citi had the likelihood to deceive Plaintiffs and were therefore deceptive.

22. Plaintiffs have suffered injury to their property in an amount to be proved at trial by reason of Citi's violations.

### COUNT III - Misrepresentation

23. Plaintiffs reallege and incorporate paragraphs 1 through 22 of this Complaint.

24. Citi wilfully and/or negligently made false

representations to Plaintiffs as alleged above regarding the amount of money they were required to pay and had paid.

25. Plaintiffs justifiably relied on those misrepresentations to their detriment.

26. Plaintiffs were thereby damaged in an amount to be proved at trial.

### COUNT IV - Fiduciary Duty

27. Plaintiff re-alleges the allegations of paragraphs 1 through 26 of this Complaint.

28. At all times relevant herein, Citi owed Plaintiffs a fiduciary duty with regard to their account.

29. Citi has breached its fiduciary duty owed to Plaintiffs as described above.

30. Plaintiffs have been damaged thereby in an amount to be proved at trial.

WHEREFORE, Plaintiffs pray that the Court:

### AS TO COUNT I:

1. Order Defendant to disclose the information requested in Plaintiff's qualified written request (Exhibit "B") and to provide a breakdown of payments and charges in an understandable form, and to correct the amounts claimed due by Defendant.

2. Award Plaintiffs damages as will be proved at trial.

3. Award Plaintiffs statutory damages of $1,000.00.

AS TO COUNT II:

4. Declare the underlying loan void in accordance with HRS 480-12.

5. Award Plaintiffs treble their actual damages, but not less than $1000.00;

AS TO COUNT III:

6. Award Plaintiff damages as will be proved at trail;

7. Award Plaintiff exemplary damages.

AS TO COUNT IV:

8. Award plaintiffs their actual damages;

9. Award Plaintiffs exemplary damages.

AS TO ALL COUNTS

10. Declare Citi's security interest in the subject property void, and enjoin Citi from taking any action towards collection of the loan and/or foreclosure of its security interest in the subject property;

11. Award Plaintiffs their reasonable attorneys' fees and costs of Court.

12. Award Plaintiffs such other and further relief as the Court deems appropriate.

DATED: Honolulu, Hawaii, _October 31, 2006_.

_____
JOHN HARRIS PAER
Attorney for Plaintiffs